# FRANCISCO A. TORRES

*v.*

# LUIS RUBERT Y CATALA ET AL.

and

# MERCEDES BAS SALDANA DE TORRES

*v.*

# LUIS RUBERT Y CATALA ET AL.

---

San Juan, Law, Nos. 1009, 1010.

ON MOTION TO DISMISS FOR WANT OF JURISDICTION OF PARTNERSHIP.

Federal Practice—Partnership.

    1. For the purposes of Federal jurisdiction, a partnership under the

NOTE.—On the question whether a partnership may sue or be sued in the firm name, see note in 29 L.R.A. (N.S.) 282.

Torres v. Rubert y Catala.

civil law is not to be regarded as one person. The citizenship of the individual members controls.

Federal Practice—Suit against Partners.
2. While there are cases under the Civil Code where a partnership may be sued as such, this does not prevent a suit against individuals merely because they are also partners.

Partnership—Registration.
3. Under the civil law, in Porto Rico, so far as concerns the public, a partnership is that which is registered in the Commercial Register. A change of partners not so recorded does not bind third parties.

Partnership—Partners.
4. It is true that for the purpose of the bankruptcy law a partnership is considered an entity, but this does not prevent suit against individuals in other cases.

Opinion filed February 25, 1914.

———————

*Mr. Francis Neagle* for plaintiffs.

*Mr. Francis H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

A motion is made to dismiss these cases for want of jurisdiction. The ground of the motion in the first place is that the suit should have been brought against the partnership, and not against the individual members, inasmuch as the partnership, under the Porto Rican law, is an entity of itself, and that such entity is, like the plaintiffs, a Porto Rican. In support of the motion, a certified copy of an instrument is annexed, showing that one of the defendants had sold his interest, before the beginning of this suit, to a Porto Rican, and therefore, as a second

Torres v. Rubert y Catala.

ground for the motion, it is urged that all the parties who should be defendants are not foreigners.

1. This court has previously held in the case of Santana v. Marquez, 2 Porto Rico Fed. Rep. 271, that for the purposes of jurisdiction of this court, a partnership, under the civil law, is not to be regarded as a person, and that for such purposes the citizenship of the individual members will control. It may well be that for some purposes a partnership, under the local law, is a separate entity, and possesses some of the attributes of a corporation; but, however this may be as to procedure under the local law, it will not control the jurisdiction of the Federal court. Citizenship for Federal purposes applies only to persons, natural or corporate, and does not include partnerships. A partnership under the Federal bankruptcy act is also an entity, but it is such only for limited purposes. The court is not prepared to extend the law so as to consider such partnerships as corporations.

2. The Civil Code of Porto Rico in § 27 declares:

"The following are artificial persons:

1. Corporations, associations, and institutions of public interest, having artificial personality recognized by law.

The personality of such bodies shall commence from the moment of their establishment in accordance with law.

2. Private associations, whether civil, commercial or industrial, to which the law grants legal personality."

And in § 30 declares:

"Artificial persons may acquire and possess property of all kinds and also contract obligations and institute civil and criminal actions, in accordance with the laws and regulation of their establishment."

Torres v. Rubert y Catala.·

This has been held to permit a suit against a partnership. Umpierre v. Wener, 10 P. R. R. 505. The commentator, Manresa, says the same in vol. 11, p. 311. It may well be that in a proper case an action would lie against the partnership as an entity, because this court follows the local practice. In point of fact, however, this suit is not brought against the partnership, and it is unnecessary to determine at this time whether it ought to have been. The court cannot say, upon the allegations of the complaint, that the suit is not properly brought against the individuals. All that it is necessary to determine at present is that this suit by its very terms is against certain individuals, who are described as constituting a partnership, and if these individuals are within the jurisdiction of this court, a motion to dismiss the suit for want of jurisdiction cannot be maintained.

3. The law of Porto Rico as to partnerships is found in the Code of Commerce, §§ 24, 26, 116, 122, 127, 143 and 148, and provides that a partnership, whether general, limited or otherwise, so far as the public is concerned, is the partnership whose papers are registered in the way required by law. Under this principle, the original persons constitute the partnership, so far as the public is concerned, and may be sued as such. A change not noted upon the record does not bind third persons, and the same would be true where a change was made before the contract or tort in question, but had not been noted upon the Commercial Registry. The object of this is obvious. Whatever relations one has with a partnership are, under the civil law, upon the basis of the registry, and any changes made by the members may be valid as between themselves, but do not affect third persons. If one had to sue existing partners, it might well be that he would sue men of straw, while the persons con-

tracting the indebtedness or liability, and themselves pecuniarily responsible, would escape entirely. The common law is not different. No one can make a transfer of his interest in a partnership that will exempt him from liability arising during the time of his partnership, unless by consent of the creditor himself. 30 Cyc. 536, 566 and 619.

4. Hongkong Bank v. Jurado, 2 Philippine, 671, decides that, in an action against a partnership as a juridical person, an individual partner is not entitled to be joined. This was a bankruptcy proceeding, and decides that, for the purposes of the bankruptcy law, a partnership must be proceeded against. The case at bar is not of this character. It is not necessary to determine upon this motion whether the claim must be against the partnership as such, or may be against the individual members. The plaintiff has elected to sue the individual members, and it is a matter to be decided upon the evidence whether the injury complained of was done by the individual members or by the partnership as such.

It follows that the motion must be denied.